IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RONALD EARLE RUSHIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-013 |
| | ) | |
| DEPUTY WARDEN McGREW; | ) | |
| DEPUTY WARDEN EDDY; | ) | |
| DEPUTY WARDEN SHELTON; | ) | |
| CHIEF POLK; | ) | |
| DEPUTY WARDEN ROBINSON; | ) | |
| DEPUTY WARDEN TREBLE; and | ) | |
| DEPUTY WARDEN SPANN, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

According to Local Rule 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed *in forma pauperis* ("IFP"). If a party fails to satisfy these criteria, "the Clerk shall mark the complaint as to the date filed and promptly give notice of the omission to the filing party. Failure to comply within twenty-one (21) calendar days of the date that notice is served by the Clerk may result in dismissal by the Court." Loc. R. 4.1(1). On January 18, 2018, Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, submitted a complaint to the Clerk of Court without submitting the appropriate filing fee or a request to proceed IFP. (Doc. no. 1.) The Clerk opened the above-captioned case on the Court's civil docket and

sent Plaintiff a deficiency notice concerning the need for an IFP motion or payment of the filing fee. (See doc. no. 2.) Plaintiff was cautioned that failure to cure the filing deficiency within twenty-one days could result in dismissal of his case. (See id.) However, Plaintiff has not responded to the Clerk's notice with the appropriate filing fee or IFP paperwork.[1]

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

Plaintiff failed to comply with the requirements for commencing a civil action by submitting an appropriate filing fee or motion to proceed IFP with his complaint, and when given the opportunity to submit the appropriate paperwork, he failed to respond. Plaintiff's failure to comply with the filing requirements of the Local Rules and his failure to respond to the Clerk's deficiency notice amounts not only to a failure to prosecute, but also an

---

[1]The Court is aware, however, since this case was filed, two cases Plaintiff filed in the Middle District of Georgia describing conditions at ASMP similar to those described in the instant complaint have been transferred to this Court. See Rushin v. Treble, et al., CV 118-023 (S.D. Ga. Feb. 6, 2018); Rushin v. Treble, et al., CV 118-030 (S.D. Ga. Feb. 14, 2018).

2

abandonment of his case.  Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of February, 2018, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA